**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SANKONA GRAHAM,

Plaintiff,

vs.

COUNTY OF NYE, *et al.*,

Defendants.

Case No.: 2:26-cv-00136-GMN-NJK

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court is the Report and Recommendation ("R&R") by Magistrate Judge Nancy J. Koppe, (ECF No. 11), recommending that Plaintiff Sankona Graham's claims for prosecutorial misconduct be dismissed without leave to amend. The R&R further recommends that Plaintiff's other claims be dismissed without prejudice to seek relief in a separate lawsuit. Plaintiff filed an Objection, (ECF No. 15).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Plaintiff objects to the following parts of the R&R: (1) Judge Koppe's prosecutorial immunity analysis and (2) Judge Koppe's analysis of the statute of limitations. (*See generally* Obj., ECF No. 11). Both of Plaintiff's objections are directed at Judge Koppe's recommendation regarding Plaintiff's prosecution-related claims. Plaintiff does not object to the R&R's recommendation as to the other claims he brings. Accordingly, the Court only reviews *de novo* the portions Plaintiff objects to. *See Thomas*, 474 U.S. at 149.

Judge Koppe determined that Plaintiff's prosecution-related claims fail for three reasons: (1) they are all barred by prosecutorial analysis, (2) in the alternative, some are barred under *Heck v. Humphrey*, 512 U.S. 477, 484 (1994), and (3) the claims not barred by *Heck* are barred by the statute of limitations. (*See generally* R&R). Plaintiff argues that prosecutorial immunity does not protect those who "acted in contrast to existing law." (Obj. 2:8–9). This argument fails because the test for prosecutorial immunity is not whether a prosecutor's actions are lawful but whether the actions constitute functions prosecutors normally perform. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Defendants' alleged unconstitutional actions of pursuing charges against Plaintiff were taken in the course of their normal prosecutorial duties. Therefore, even if the alleged actions constitute malice, bad, faith, or conspiracy, prosecutorial immunity still applies. *Ashelman v. Pope*, 793 F.2d 1072, 1077–78 (9th Cir. 1986) (en banc). Plaintiff further argues that the statute of limitations does not bar his prosecution-related claims because the alleged violations are ongoing as long as he is in custody. Plaintiff fails to provide any points or authorities to support this argument. LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). Plaintiff's objections are therefore OVERRULED.

Accordingly,

**IT IS HEREBY ORDERED** that the R&R, (ECF No. 11), is **ACCEPTED AND ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Plaintiff's claims for prosecutorial misconduct are **DISMISSED** with prejudice because amendment would be futile. Plaintiff's remaining claims are **DISMISSED** without prejudice to seek relief in a separate lawsuit.

**IT IS FURTHER ORDERED** that the Motion for Leave to Proceed in forma pauperis, (ECF No. 22), is **DENIED** as moot.

The Clerk of Court is kindly directed to close the case.

**DATED** this 24 day of July, 2026.

Gloria M. Navarro, District Judge
United States District Court